**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Albarr-Ali Abdullah, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2016-002227

———————

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

———————

Unpublished Opinion No. 2018-UP-162
Submitted March 1, 2018 – Filed April 18, 2018

———————

**AFFIRMED**

———————

Albarr-Ali Abdullah, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** Albarr-Ali Abdullah, an inmate with the South Carolina Department of Corrections (SCDC), appeals an order from the Administrative Law Court (ALC) affirming his disciplinary conviction of possessing a cell phone. On appeal, Abdullah argues the ALC erred in affirming his conviction because SCDC failed to provide sufficient due process in that (1) his notice of charges lacked sufficient information to allow him to establish an alibi defense, (2) SCDC

prevented him from presenting favorable witnesses, and (3) he was not afforded an opportunity to review the evidence against him.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issues 1 and 3, we find Abdullah's notice document contained sufficient information to satisfy due process, and due process did not require SCDC to provide discovery.  *See Al-Shabazz v. State*, 338 S.C. 354, 371, 527 S.E.2d 742, 751 (2000) ("[D]ue process in a prison disciplinary proceeding involving serious misconduct requires: (1) that advance written notice of the charge be given to the inmate at least twenty-four hours before the hearing; (2) that factfinders must prepare a written statement of the evidence relied on and reasons for the disciplinary action; (3) that the inmate should be allowed to call witnesses and present documentary evidence, provided there is no undue hazard to institutional safety or correctional goals; (4) that counsel substitute (a fellow inmate or a prison employee) should be allowed to help illiterate inmates or in complex cases an inmate cannot handle alone; and (5) that the persons hearing the matter, who may be prison officials or employees, must be impartial."); *id.* at 370 n.7, 527 S.E.2d at 750 n.7 ("One author has noted that the Supreme Court actually established the *maximum* constitutional requirements in such proceedings, given its reversal of two lower courts' decisions granting additional rights to inmates." (emphasis by court) (citing John W. Palmer, *Constitutional Rights of Prisoners*, § 8.3 (1991)).

2.  As to issue 2, we find Abdullah's refusal to sign the notice of charges document was "an undue hazard to institutional safety and goals," and thus, SCDC did not violate due process by not allowing Abdullah to call witnesses.  *See Al-Shabazz*, 338 S.C. at 371, 527 S.E.2d at 751 ("[D]ue process in a prison disciplinary proceeding involving serious misconduct requires . . . that the inmate should be allowed to call witnesses and present documentary evidence, provided there is no undue hazard to institutional safety or correctional goals . . . ."); *id.* at 370, 527 S.E.2d at 750 ("[C]ourts must balance the demands of the Due Process Clause against the need to maintain an orderly and safe prison environment.").

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.